IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

RECEIVED
2007 APR 26  A 10: 21

Samuel L. Moore 119785
    PLAINTIFF,

v.                                   CASE NO. 2:07-CV-308-WHA

Sheriff D.T. Marshall, et al.
    DEFENDANTS

---

## Motion For Leave To Amend Orginal Complaint (As Ordered)

---

Comes Now the Plaintiff in the above styled cause and seek leave to amend the orginal complaint and show cause why Richard Allen should not be dismissed as a party to this action.

If this honorable court pleases, Commissioner Richard Allen is an honorable and respectable man, and I have no doubt that (that there are qualified and dedicated staff at his disposal and in the institutional offices that), his written mandate work that was given him by the Governor, of the State of Alabama.

However in light of the realization that contrary to the dedicated, competent, hard-working professionals, there are still the none conformers, that are not susceptible to change. These none conformers, under the promulgate regulations and Alabama statute and under color of state coupled with Comissioner Allen, also under color of state, failed to afford proper and/or addiquit medical treatment, after transfer of custody, from one agency to the next, thereby transfering the body along with their

Liabilities, and Responsibilities to Alabama Department of Corrections.

These transfered liabilities as such as they may be, have none of the levels of medical attention afforded by the United States Constitution, a violation of the 5th Amendment; (put in jeopardy of life or limb); the 8th Amendment (cruel and unusual punishments inflicted) and the 14th Amendment.

The transfer of custody, coupled with the initial place of injury, along with the lack, of, proper, medical attention, creates a joint/shared responsibility, by all concerned parties; (per capita).

The lack of medical (proper) attention, the deformity of the plantiffs foot, the stress that is caused by having to live with being a crippel and to have to endure these legal proceedings is more than simple pain and suffering, and border lines neglect.

In answer to the order dated 12 Apr. 07 Part (2); the identifing institution that plaintiff was incarcerated in during alleged initial violations was Kilby Correctional Institution, Mt. Meigs, Alabama

Wherefore plantiff prays for inclusion of and joint and or shared responsibility of Richard Allen and the Kilby Correctional Institute and it's medical facility.

Respectfully Submitted
*Samuel Lee Moore*
SAMUEL L. MOORE
PETITIONER

I certify under penalty of purjury that foregoing is ture to the best of my knowledge.

Done this the 17th day of April, 2007.

*Samuel Lee Moore*
PLAINTIFF
SAMUEL L. MOORE

FINI:

APR. 17, 2007        USER: AUDREY KELLEY              INMADB
             COMPUTE AVERAGE DAILY BALANCE










        ENTER THE INMATE'S AIS NUMBER ===>   119785        *Jamuel Lee Moore*

     ENTER THE 'AS OF' DATE (CCYYMMDD) ===>   20070101


     NO RECORDS FOUND WITHIN THE LAST 12 MONTHS
        PRESS ENTER TO CONTINUE

Mr. Samuel Moore
119185
P.O. Drawer 160
Alex-City, AL.
35011

"This correspondence is forwarded from Alabama State Prison. The contents of Corrections, and the Assistance or content is not responsible or content of the enclosed communication."

Mr. Samuel Moore
18785
P.O. Drawer 160
Alex-City, AL. 36011

"This correspondence is forwarded from Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

BIRMINGHAM AL 352
25 APR 2007 PM 3 L

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711