IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL LEE MOORE, #119785, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-CV-308-WHA |
| | ) | |
| SHERIFF D. T. MARSHALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

A 42 U.S.C. § 1983 action has been filed by a person incarcerated in an institution of the State of Alabama alleging a violation of civil rights with respect to the medial treatment provided to him at the Lowndes County Jail, the Montgomery Count Detenion Facility and the Kilby Correctional Facility.  The Magistrate Judge has reviewed the complaint and determined that this pleading cannot be properly and effectively processed by the court without further additional information from the defendant.  Accordingly, it is hereby

ORDERED that:

1. The defendants undertake a review of the subject matter of the complaint (a) to ascertain the relevant facts and circumstances; (b) to consider whether any action should be taken by prison officials to resolve the subject matter of the complaint; and (c) to determine whether other similar complaints, whether pending in this court or elsewhere,

should be considered together.

2. A written report be filed with the court and a copy served upon the plaintiff within forty (40) days of the date of this order.  **The report must contain the sworn statements of all persons having personal knowledge of the subject matter of the complaint.**

3. *Since this case involves claims of inadequate medical treatment, the medical defendants shall provide an affidavit from a named defendant or other health care professional which (i) contains a detailed explanation of the treatment provided to the plaintiff, and (ii) interprets the information contained in the medical records relevant to the claims presented in the complaint. The medical defendants shall likewise submit only those medical records relevant to the claims raised in the instant complaint and such documents shall be presented to the court in chronological order*.

4. <u>All defenses including immunity defenses must be set forth in the written report or such defenses may be waived</u>.  Authorization is hereby granted to interview all witnesses, including the plaintiff. <u>Whenever relevant, copies of medical and/or psychiatric records shall be attached to the written report. Where the plaintiff's claim or the defendant's defenses relate to or involve the application of administrative rules, regulations or guidelines, the written report shall include copies of all such applicable administrative rules, regulations or guidelines.</u> **In addressing the claims presented by the plaintiff, the**

**defendant shall furnish copies of all documents, records and regulations relevant to the plaintiff's claims for relief.**

    5. If the defendants assert failure of exhaustion as an affirmative defense, they must specifically identify the grievance procedure available to the plaintiff and/or the manner in which the plaintiff failed to exhaust a grievance procedure no longer available to him. *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 921 (2006) (Failure of exhaustion is an affirmative defense which must be raised by the defendants); *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2387 (2006) ("[T]he PLRA exhaustion requirement requires proper exhaustion."). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386.

    6. An answer be filed within forty (40) days of the date of this order.

    7. <u>No</u> motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the complaint be filed by any party without permission of the court. If any pleading denominated as a motion for summary judgment, motion to dismiss or other

dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court.

8. <u>NOTICE TO PLAINTIFF</u>.

(a) The *Federal Rules of Civil Procedure* require that the plaintiff mail to counsel for the defendants or, if no attorney has appeared on behalf of the defendants, the defendants, a true copy of **anything** which he sends to the court. Failure to do so may result in dismissal of this case or other penalties. Anything filed should contain a certificate of service which specifically states that the pleading has been sent to counsel for the defendants. If the pleading does not contain a certificate of service, it will not be accepted for filing.

(b) With the exception of the complaint and any response ordered by the court, "[n]o other pleading shall be allowed" in this cause of action. Rule 7(a), *Federal Rules of Civil Procedure*.

(c) Each pleading, motion or other application submitted to the court shall contain "a caption setting forth the name of the court, title of the action, the file number, and a designation[,]" Rule10(a), *Federal Rules of Civil Procedure*, and must be signed by the plaintiff. Rule 11(a), *Federal Rules of Civil Procedure*.

(d) Every application which requests an order or particular action by the court "shall be [presented] by motion which, unless made during a hearing or trial, shall be

made in writing." Rule 7(b)(1), *Federal Rules of Civil Procedure*. The application "shall set forth with particularity the grounds" for the motion and "the relief or order sought." *Id*. Additionally, the request or application for relief must contain a proper caption setting forth a title designation which specifically states the action that the applicant or movant wants the court to undertake. Rules 7(b)(2) and 10(a), *Federal Rules of Civil Procedure*. Any application or request which fails to comply with the directives of the civil rules as outlined in this order will not be accepted by the court for filing.

**The plaintiff is hereby advised that the court will consider only those requests presented in an appropriate motion which is in the proper form. Consequently, any application for relief or request for action *must be contained in the title of the motion to warrant consideration by the court.***

(e)  All amendments to a complaint must be labeled with the words "amendment to complaint" or similar language. Except as permitted by Rule 15(a), *Federal Rules of Civil Procedure*, no amendment to a complaint will be accepted by the court for filing **unless accompanied by a motion for leave to amend**.

(f) **All amendments to the complaint and/or motions to amend must be filed within ninety (90) days of the date of this order and the allegations contained therein must relate to the facts made the basis of the instant complaint**. Proposed amendments or motions to amend filed after this date will be considered untimely. Any such amendments or motions which contain claims unrelated to the claims presented in the original complaint will not be considered by the court.

(g) Plaintiff is informed that this case will proceed as quickly as possible and that he will be informed of all action the court takes.

(h)  If plaintiff moves to a different institution or is released, he must immediately inform the court and the defendant of his new address.  In so doing, the plaintiff shall style this notification as a "Notice of Change of Address" and provide a copy of this notice to the defendant.

(i)  It is the responsibility of the plaintiff to furnish the clerk's office with accurate addresses for the defendant(s) whom plaintiff wishes to serve.  Without accurate addresses, service of process is impossible.  It is also the responsibility of the plaintiff to monitor this case to make sure that the persons whom plaintiff wishes to sue have been served.  If a person has not been served, he/she is not a party to this lawsuit except in very unusual circumstances.

The plaintiff is specifically **CAUTIONED** that his failure to file motions, pleadings or other papers in conformity with the *Federal Rules of Civil Procedure* and/or the directives contained in this order will result in such documents not being accepted for filing.  The CLERK is DIRECTED to not accept for filing any pleadings, motions or other applications submitted by the plaintiff which are not in compliance with either the *Federal Rules of Civil Procedure* or the directives contained in this order.

The CLERK is hereby DIRECTED to furnish a copy of this order to the plaintiff and a copy of this order together with a copy of the complaint to the defendants and General Counsel for the Alabama Department of Corrections.

Done this 26th day of April, 2007.

        /s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE