# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

SAMUEL LEE MOORE  #119785

       Plaintiff,

vs.                                                   Civil Action No: 2:07cv308-WHA

SHERIFF D. T. MARSHALL, et al.,

       Defendants.

\*
\*
\*
\*
\*
\*
\*
\*

## SPECIAL REPORT

COMES NOW, Defendant Sheriff D. T. Marshall, by and through his attorney, Thomas T. Gallion, III and the law firm of Haskell Slaughter Young & Gallion, LLC and in response to this Honorable Court's Order dated April 26, 2007 submits the following Special Report to this Court.

## DOCUMENTS

Affidavit of D.T. Marshall

Affidavit of Gina M. Savage

Medical Notes and Reports

Sick Call Refusal Form

Release Information

## PLAINTIFF'S ALLEGATIONS

Plaintiff filed a Complaint on April 11, 2007 against Defendants Sheriff D. T. Marshall, Sheriff Willie Vaughner, and Commissioner Richard Allen.  Plaintiff alleges that on December 5, 2006 he broke his foot and was either denied, refused and/or received inadequate medical treatment by all parties listed as Defendants which resulted in a gross deformity of same and was in violation of his 14th Amendment Rights. Plaintiff also alleges that his 8th Amendment Rights were violated by his being subjected to cruel and unusual punishments and that the Defendants neglected to afford him proper treatment.  Plaintiff further alleges that his 5th Amendment Rights were violated because after having gone through the pain and suffering, there has not been to this date any further action on any of his named Defendants.

## FACTS

1.      Plaintiff Moore was incarcerated on October 25, 2006, charged with Unlawful Distribution of Controlled Substances.  He was sentenced on November 14, 2006, and released to the Department of Corrections on December 27, 2006.  (See Affidavit of Gina M. Savage.)

2.      It is the policy of the Montgomery County Detention Facility that every effort will be made on the part of facility personnel to ensure safe custody, decent living conditions, and fair treatment of all inmates.  (See Affidavit of Sheriff D. T. Marshall.)

3.      Because of overcrowding, Plaintiff was transported to Lowndes County Detention Facility on December 4, 2006.  On December 5, 2006, he was returned to the Montgomery County Detention Facility because of an injury he sustained to his left

ankle.  Plaintiff told the medical nurse that he came down on his foot the wrong way from

his bunk in Lowndes County. (See Affidavit of Gina M. Savage).

4.      The nurse at Montgomery County Detention Facility noted that there was

a moderate amount of swelling to Plaintiff's left ankle.  He was advised not to put weight

on his foot and to keep it elevated.  He was started on pain protocol and scheduled for a

follow-up visit with the doctor.  (See Affidavit of Gina M. Savage and medical reports.)

5.      On December 6, 2006, Plaintiff's ankle was x-rayed and the report

indicated "no acute ankle fractures detected and the tibia joint and lateral malleolus

appear intact".  There was abnormal density and disorganization within the mid tarsal

row.  (See Affidavit of Gina M. Savage and medical notes.)

6.      Additional x-rays were taken on December 11, 2006 and it was

determined that the inmate most likely had an old tendon injury which could have been a

previous injury or surgery.  The findings were obviously not related to the one acute

recent event.  He was placed on sick call for December 20, 2006; however, when he was

called he refused to be seen by the medical staff.  He did see the Facility doctor on

December 21, 2006.  (See Affidavit of Gina M. Savage, medical notes and Sick Call

Refusal Form.)

7.      Prior to the Montgomery County Detention Facility staff receiving the

transcript from the Court on December 13, 2006, an appointment had been made for

Plaintiff to see Dr. David Lindsey on December 26, 2006.  Because he had been

sentenced to the State and was awaiting transfer to the Department of Correction

("DOC") on December 27, 2006, the appointment with Dr. Lindsey was not kept. (See

Affidavit of Gina M. Savage and medical notes.)

8.    Plaintiff stated a statement on December 26, 2007, prior to being released to DOC, stating that he had not been injured in any way while incarcerated in the Montgomery County Detention Facility.  (See Affidavit of Gina M. Savage and Release Information.)

DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Defendant Marshall did not violate any of the Plaintiff's constitutional rights afforded him under law.

3.    Plaintiff failed to exhaust his administrative remedies by taking advantage of the inmate grievance system in place at the Montgomery County Detention Facility. Plaintiff's claims should therefore be dismissed.  *Alexander v. Hawk*, 159 F. 3rd 1321 (11th Cir. 1998).

4.    Defendant Marshall avers that he acted in a manner that has been in accordance with previous court rulings regarding the operation of the Montgomery County Detention Facility.

5.    Defendant Marshall avers that the prison regulations in question were reasonably related to legitimate penological interests.

6.    Defendant Marshall avers that he is entitled to immunity pursuant to the Eleventh Amendment to the United States Constitution and/or qualified immunity from suit.

6.      To the extent Plaintiff asserts his claims against Defendant Marshall in his official capacities, these claims should be dismissed.  Plaintiff's claims for damages against Defendant Marshall in his official capacities under 42 U.S.C. §1983 should be dismissed because in his official capacities, Defendant Marshall is not considered "persons" subject to liability under §1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).  Any such official capacity claims must also be dismissed because Defendant Marshall is entitled to immunity under the Eleventh Amendment to the United States Constitution.  *Lancaster v. Monroe County,* 16 F. 3rd 1419 (11th Cir. 1997).

7.      To the extent Plaintiff has asserted his claims against Defendant Marshall in his individual capacity, he is entitled to qualified immunity.  "Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *Gonzales v. Lee County Housing Authority,* 161 F.3[rd] 1290, 1295 (11th Cir. 1998).   Defendant Marshall was acting within the scope of his discretionary authority, and the burden is therefore on the Plaintiff to demonstrate that Defendant Marshall's actions rise to a constitutional violation, and that Defendant Marshall violated clearly established law.  *Hope v. Pelzer,* 536 U.S. 730 (2002).  "the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz,* 533 U.S. 194, 202 (2001). The applicable law "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).   In

determining whether the unlawfulness of an official's actions was clearly established, "the salient question . . . is whether the state of the law [at the time of the unconstitutional act] gave [the official] fair warning that [his] alleged treatment of [the plaintiff] was unconstitutional." *Williams v. Consol. City of Jacksonville,* 341 F.3d 1261, 1270 (11th Cir. 2003) *quoting Hope,* 536 U.S. at 741.  Plaintiff cannot meet this burden; therefore, his claims should be dismissed.

8.      Plaintiff must also establish a casual connection between an act of a supervising official and the alleged constitutional violation. *Smith v. State of Alabama*, 996 F. Supp. 1203, 1212 (M.D. Ala. 1998).  Defendant Marshall is a supervisory official. Plaintiff has failed to establish a casual connection between any of Defendant Marshall's actions and any alleged constitutional violation.  Plaintiff's claims against Defendant Marshall should therefore be dismissed.

## MEMORANDUM IN LAW

The Plaintiff's claims do not rise to a constitutional violation.  The Plaintiff cannot demonstrate that the conditions at the facility are sufficiently serious or that Defendant Marshall was deliberately indifferent to his health or safety.

Grievance procedures are available to inmates to address living conditions at the Montgomery County Detention Facility.  Plaintiff failed to file any grievance regarding any of his claims in the Complaint. Plaintiff therefore failed to exhaust available administrative remedies, and his claims should therefore be dismissed.  *Alexander v. Hawk,* 159 F. 3rd 1321 (11th Cir. 1998).

Plaintiff must also establish a casual connection between an act of a supervising official and the alleged constitutional violation. *Smith v. State of Alabama*, 996 F. Supp.

1203, 1212 (M.D. Ala. 1998). Defendant is a supervisory official. Plaintiff has failed to establish a casual connection between any of his actions and any alleged constitutional violation. Plaintiff's claims against Defendant Marshall should therefore be dismissed.

There is no evidence that Defendant Marshall had a subjective awareness of a relevant risk of serious harm to the Plaintiff, and that he disregarded that risk. The prison regulations in place at the Montgomery County Detention Facility are reasonable and do not infringe the Plaintiff's constitutional rights. *Turner v Safley,* 482 U.S. 78 (1997).

Defendant Marshall further submits that Plaintiff has also failed to exhaust any applicable grievance procedure with respect to this claim. Defendant Marshall therefore respectfully requests that this Court dismiss the Plaintiff's claims and for any other relief to which he may be entitled.

Respectfully submitted this 31st day of May 2007.

s/ Thomas T. Gallion, III_____
Thomas T. Gallion, III        (GAL010)
Attorney for Defendants
ASB-5295-L74T
E-mail:  mp@hsy.com

OF COUNSEL:
Haskell Slaughter Young & Gallion, LLC
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
        (334) 265-8573
        fax number: (334) 264-7945

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of May 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following parties or counsel and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Samuel Lee Moore  #119785
Post Office Box 160
Alexander City, Alabama 35011


s/ Thomas T. Gallion, III_____
Of Counsel

50051-602
#25,895

# EXHIBITS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

SAMUEL LEE MOORE  #119785    )
    )
           Plaintiff,    )
    )
    v.    )    CIVIL ACTION NO. 2:07cv308-WHA
    )
SHERIFF D. T. MARSHALL,    )
SHERIFF WILLIE VAUGHNER,    )
COMMISSIONER RICHARD ALLEN    )
    )
           Defendants.    )

## AFFIDAVIT OF  D. T. MARSHALL

Before me, a Notary Public, personally appeared D. T. Marshall and after being duly sworn, did say as follows

1. My name is D. T. Marshall and I am Sheriff of Montgomery County, Alabama.

2. I have not violated the constitutional rights of Inmate Samuel Lee Moore.

3. It is the policy of the Montgomery County Detention Facility that every effort will be made on the part of facility personnel to ensure safe custody, decent living conditions, and fair treatment for all inmates.

4. The total, daily operations of the jail are managed by the Director of the Detention Facility, employed by the Montgomery County Sheriff's Office.

_____
D. T. Marshall

Sworn to and subscribed before me this _10_ day of _May_ , 2007.


_____ _Lexa Wines Cates_ _____
Notary Public
My Commission Expires September 13, 2010

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **SAMUEL LEE MOORE  #119785** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:07cv308-WHA** |
| | ) | |
| **SHERIFF D. T. MARSHALL,** | ) | |
| **SHERIFF WILLIE VAUGHNER,** | ) | |
| **COMMISSIONER RICHARD ALLEN** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF GINA M. SAVAGE

Before me, a Notary Public, personally appeared Gina M. Savage and after being duly sworn, did say as follows

1.     My name is Gina Savage.  I am Director of the Montgomery County Sheriff's Office Detention Facility.

2.     I have not violated the constitutional rights of Inmate Samuel Lee Moore.

3.     Samuel Lee Moore was incarcerated October 25, 2006, charged with Unlawful Distribution of Controlled Substances.  He was sentenced on November 14, 2006, and released to the Department of Corrections December 27, 2006.

4.     Because of overcrowding, Inmate Moore was transported to Lowndes County on December 4, 2006.  On December 5, 2006, he was returned to the Montgomery County Detention Facility because of an injury he sustained to his left ankle.  When examined by the medical nurse, he stated that he came down on his foot the wrong way from his bunk in Lowndes County.

He had been given a crutch in Lowndes County when evaluated per EMS.

5.      A moderate amount of swelling was noted to his left ankle.  He was advised not to put weight on his foot and to keep it elevated.  He was started per pain protocol and scheduled a follow-up visit with the doctor.   On December 6, 2006, his ankle was x-rayed and the report indicated "no acute ankle fractures detected and the tibial talar joint and lateral malleolus appear intact".  There was abnormal density and disorganization within the mid tarsal row.  Additional x-rays were taken on December 11, 2006, and it was determined that the inmate most likely had an old tendon injury which could have been from a previous injury or surgery.  The findings were obviously not related to the one acute recent event.  On December 18, 2006, Inmate Moore submitted a request to see the doctor.  He was placed on sick call for December 20, 2006, however when called, he refused to be seen by the medical staff.  He did see the Facility doctor December 21, 2006.

6.      Prior to our receiving the transcript from the Court on December 13, 2006, an appointment had been made for Inmate Moore to see Dr. David Lindsey on December 26, 2006.  Because he had been sentenced to the State and was awaiting transfer to the DOC on December 27, 2006, the appointment with Dr. Lindsey was not kept.

7.      Inmate Moore signed a statement on December 26, 2007, prior to being released to the Department of Corrections, stating that he had not been injured in any way while incarcerated in the Montgomery County Detention Facility.

Gina M. Savage

Sworn to and subscribed before me this _15_th_ day of _May_ _____, 2007.

_____ _Jenn (Hines) Cates_ _____

Notary Public

My Commission Expires September 13, 2010

PROGRESS NOTES

| Date/Time | Inmate's Name: Moore, Samuel    D.O.B. 1/3/49 S.S. #: 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 |
|---|---|
| 12/5/06<br>@ 1335<br>P | I/m u/presented to medical unit from Lowndes<br>County. I/m Alert et oriented x3. Resp. 20<br>even et unlabored bilaterally. Vital<br>Signs: B/p 132/76 (R) 18 P 86 (R) 97.6<br>I/m c/o severe pain to (L) ankle due<br>to injury sustained x 1 day ago @<br>Lowndes Co. Jail. I/m stated "I came down<br>off my bunk on my foot wrong". Moderate<br>amount edema 2+ noted to (L) ankle.<br>↓ ROM noted to (L) y-part due to injury pain.<br>Advised I/m to not bare weight on (L) foot, I/m<br>had been given crutch in Lowndes County<br>p being evaluated per EMS. Also advised<br>to keep (L) foot elevated. I/m will be scheduled<br>to follow-up c MD for further evaluation.<br>I/m started per pain protocol.<br>— C Craft |

Southern Health Partners, Inc.
CONFIDENTIAL MEDICAL INFORMATION

Corporate Office:

Please note our new billing address:
Southern Health Partners, Inc.
3712 Ringgold Road, #364
Chattanooga, TN 37412

# Physician's Orders

Southern Health Partner's, Inc

Inmate Name: _Moore, Samuel_
SS#: _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_
DOB: _1-13-49_
Allergies: _NKDA_

Facility:
Montgomery
County
Jail

| Date: 12/5/06 | Date: |
|---|---|
| Ibuprofen 400mg 11 po bid x 7d | |
| Ibuprofen 800mg Now | |
| X-Ray (L) ankle | |
| M.D. Sig: Per Protocol D Michals (Beu) | M.D. Sig: |
| Date: 12/21/06 | Date: |
| Appt c David Lindsay re ~ foot. | |
| Appt 1½ on Dec 26th | |
| M.D. Sig: | M.D. Sig: |
| Date: | Date: |
| | |
| | |
| | |
| M.D. Sig: | M.D. Sig: |
| Date: | Date: |
| | |
| | |
| | |
| M.D. Sig: | M.D. Sig: |

## Montgomery County Jail
### Inmate Body Chart

Inmate Name: _Moore, Samuel_    Nurse Name: _Dees_

I/M SS#: _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_    Today's Date: _12/5/06_

I/M's DOB: _1-13-49_    I/M's Allergies: _NEA_

Front View

Back View

Front View

Right View

Left Side View

Right Side View

Left View

## SOUTHERN RADIOLOGY SERVICES, LLC
## X-RAY REPORT

| | | | |
|---|---|---|---|
| **DATE** | **LAST NAME** | **FIRST NAME** | **MI** |
| 12/6/2006 | MOORE | SAMUEL | |
| **D.O.B.** | **SEX** | **FACILITY** | |
| | M | SHP-MONTGOMERY COUNTY JAIL |
| **ORDERING PHYSICIAN** | | **X-RAY NO.** | |
| NICHOLS | | MT | |

### LEFT ANKLE TWO VIEWS, 12/6/06

**FINDINGS:** There is significant irregularity and deformity involving the mid tarsal row. No acute ankle fractures are detected. The ankle mortise appears intact. The proximal fifth metatarsal is normal.

**IMPRESSION:** Abnormal density and disorganization within the mid tarsal row. Recommend three view foot examination to exclude acute fracture. The tibial talar joint and lateral malleolus appear intact.

John Waldo, M.D./wbc

Dictated but not reviewed.
tt: 12/6/2006 10:05:10 PM
td: 12/6/2006 4:38:37 PM

*order this!*

## SOUTHERN RADIOLOGY SERVICES, LLC
## X-RAY REPORT

| DATE | LAST NAME | FIRST NAME | MI |
|------|-----------|------------|-----|
| 12/11/2006 | MOORE | SAMUEL | |
| D.O.B. | SEX | FACILITY | |
| 1/13/1949 | M | MONTGOMERY CO JAIL | |
| ORDERING PHYSICIAN | | X-RAY NO. | |
| NICHOLS | | MT10898 | |

**LEFT FOOT, SIX VIEWS, 12/11/06:** The medial half of the navicular bone in the mid foot is fragmented and small with subsequent foreshortening of the mid carpal row. There is a large piece of navicular bone that has a sharp medial margin suggesting perhaps a postsurgical change. Other considerations include previous osteochondritis dessicans of part of the navicular or a developmental dysplasia of a bipartite ossification center. The patient could have had previous surgery from a tarsal coalition.

There is a separate corticated piece of bone lateral to the main bulk of the navicular and this looks more like an accessory ossicle that it does an acute fracture but and acute fracture cannot be excluded. All of these findings are obviously not related to one acute recent event and more history and any previous studies would be very helpful.

There is a corticated piece of bone lateral to the cuboid but it is most likely accessory ossicle or a soft tissue calcification related to an old tendon injury.

The metatarsals and toes are normal with no other fracture. The calcaneus, talus and subtalar joint and ankle joints are unremarkable

**OPINION:** Abnormalities are seen in and around the navicular bone of the mid foot and although there could be an acute fracture, some of these changes are not acute – please see above. More history and old films would be more helpful.

**\*DICTATED BUT NOT REVIEWED\***

_I may need to see him_

_____

Scott Loveless, M.D./pag

tt:    12/12/2006 8:52:11 AM / td:    12/11/2006 5:45:38 PM



 SOUTHERN
HEALTH
PARTNERS

## INMATE SICK CALL SLIP — MEDICAL REQUEST

TO BE COMPLETED BY INMATE: Please complete the top half of the Sick Call Slip and return it to the hand mail box for submission and review by the medical staff. The medical staff will arrange for you to be seen by the appropriate medical staff member. You will be charged in accordance with the medical co-pay system at this facility.

Today's Date: **12/18/06**   Pod/Location: **1-C**   Cell: **#4**   ID# **14502**

Inmate's Full Name: **Samuel lee Moore**

Complaint/Problem: **Will you please have a look at my Ankle**
**I Know it is broke, I heard the bone when it pop**
**And Now you have stop my pain pills. What kind of**

How long have you had this problem? **Medicen is this here,**

Inmate's Signature: **I haven't gotten a pill in**   Date: _____
**Two days**

\*\*\*\*\* \*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*

## TO BE COMPLETED BY MEDICAL STAFF:

Note Patient's Vital Signs:   Temp_____   Resp_____   Pulse_____   B/P_____

Instructions/Assessment: Document your findings, inmate's responses/actions **I/M signaled NO**
**I/M refused NO Service at this time**
**Refused to SEE MD concerning**
**his X-Ray to lt Foot**

☐ Received Orders – thru Treatment Protocols; via telephone order; via verbal order
☐ Follow-Up Required?  If checked, date to be seen again _____
☐ Chronic Condition
☐ Inmate to be charged through medical co-pay for this visit

Date Seen By Medical: **10/20/06**   Seen by: _____

Place original form in patient's medical record.

| Date/Time | Inmate's Name: | | D.O.B.: | S.#: |
|---|---|---|---|---|

12/21/06

Was in Lowndes County on 12/5 + getting up on a top rack + left ankle got caught inside lower rack + twisted it.

No previous injury. Has pain in left foot. Hurts over Lat malleolus + inside of left foot.

PE: / ⊖ tender medial
⊕ foot just distal to ankle

A   Fx foot

Plan → Refer to Lindsay.

Southern Health Partners, Inc.
CONFIDENTIAL MEDICAL INFORMATION

Corporate Office:

Please note our new billing address:
Southern Health Partners, Inc.
3712 Ringgold Road, #364
Chattanooga, TN 37412

# MEDICATION ADMINISTRATION RECORD

Lowndes Co.

| MEDICATIONS | HOUR | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Zithromax 250mg BID | AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Decongestine SR 3ID X 7Day 11-28 – 12/5/06 | AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Percogesic 2 BID X 5Day | AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Ibuprofen 400mg #I PO BID X 7d 12/6/06 – 12/12/06 | AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Percogesic II PO BID 12/6/06 | AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Decongestine SR I PO BID X 7d 12/12 – 12/23/06 | AM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | PM | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

STARTING FOR: 12/1/06    THROUGH: 12/31/06

Physician: Dr Nichols

Charges: NICA

Approved By Doctor: Dr Nichols /K Bailey  Title: LPN  Date: 1/30/06

RESIDENT: Moore Samuel Sr  1/3/49  m  BA

Southern
Health
Partners

Corporate Office: 3712 Ringgold Rd., #364, Chattanooga, TN. 37412    Phone: (423) 553-5635    Fax: (423) 553-5645

## PATIENT REFERRAL INFORMATION FORM

This patient is currently incarcerated at the jail facility listed below. Patient has been referred to your ER/Facility regarding his/her symptoms or conditions listed below. All subsequent tests, procedures, and outpatient services other than requested service must be communicated and approved by the medical contact person at the jail facility to ensure justification. Failure to notify the medical contact person may result in reduced benefits and/or possible denial of payment. If hospital admission is necessary, please communicate any and all medical information as well as an estimated length of stay to our Utilization Review Department at our corporate office at the # listed above. Certification, justification, and/or treatment plan of continued services must be obtained to guarantee payment of the claim. Please, note we have a NO NARCOTIC policy at the jail due to the uncontrolled access to medications within the facility. Please, refer to our site medical staff for formulary adherence. Thank you for your cooperation in this matter.

*TO BE COMPLETED BY THE MEDICAL STAFF AT THE JAIL/PRISON:*

Appt. Date/Time: 12/2/6, 1:15    Patient's Name (Last/First): Moore, Samuel

DOB: 1.13.49    SS#: 424.58.3856    Sex: M F    Inmate Loc: _____

Housing Facility/Site: Mont. County Jail/#7070    Appt. Destination: Dr. David Lindsay

Appt. Address & Phone #: 242 Winton Blount Loop    395-5882

Site Medical Contact (RN/LPN): L. Lee (MTC)    Site Physician: Nichols

Site Medical Unit Phone #: (334) 832-2542    Site Medical Unit Fax #: (334) 832-7768

Reason For Referral: (Include Hx of illness/injury, present and past treatment with patient results, lab and/or x-ray results, findings from physical exam, patient limitations, allergies, medications, etc.)

rt check fx @ ankle

Service Requested: EVAL/TX

*TO BE COMPLETED BY THE REFERRAL STAFF AND RETURNED WITH INMATE BACK TO THE FACILITY:*

Findings: _____

Planned Treatment: _____

ER/Hospital Physician Orders: _____

ER/Hospital Contact (Include Phone #): _____    Notes: _____

*Please, return this form with the correctional staff upon discharge of the patient or fax directly to the site fax # noted above. If inpatient hospitalization is required, medical staff MUST be notified immediately.*

Authorization for payment of services is only guaranteed during the time of actual confinement of the inmate under the custody of the above listed jail/prison and under the terms of our County contract.

# SICK CALL
# REFUSAL FORM

I, _Samuel  Moore_____ (inmate name) understand

that my name is on the sick call list to be seen by Southern Health

Partners medical staff at _Montgomery_ County Jail, and that I am

declining to be seen at this time. I further understand that it will

be documented as such in my medical file, and that my name will

NOT be added back to sick call, unless I submit another sick call

request.


_____                    _12-20-06_____
**Inmate Signature**                                    **Date/Time**

_____                    _12/20/06_____
**Witness Signature**                                   **Date/Time**

_____                    _12/20/00_____
**Nurse Signature**                                     **Date/Time Noted**


Southern Health Partners                                   Revised:02/05/04

Distribution: Original-Nurse



**Montgomery County Sheriff's Office**
**115 S. Perry St**
**Montgomery, AL 36104**

### RELEASE INFORMATION

12/26/2006

NAME:  MOORE, SAMUEL LEE

DOB: 1/13/49  SSN:  424583886

Booking Number: MCS0000015987

---

How Released:  DOC

Date Released:  12-27-06

---

Release of Property

Name of Officer Releasing Property: _____

I have received all of my property from the Montgomery County Detention Facility.

Date Received: 12-27-06        Prisoner Signature: X _Samuel Lee Moore_

---

Statement of Release

I, SAMUEL LEE MOORE , being released this 26 day of December, at 10:47 pm state that I was not physically injured in any manner while I was in the Montgomery County Detention Facility nor was I hurt in any manner while being arrested

_signature_                              X _Samuel Lee Moore_
Witness                                  Signature of Person being Released