IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SAMUEL LEE MOORE ) | |
| ) | |
|     Plaintiff(s), ) | |
| ) | |
| v. ) | |
| ) | 2:07-CV-308-WHA-SRW |
| D. T. MARSHALL, ET AL. ) | |
| ) | |
|     Defendant(s). ) | |
| ) | |
| ) | |

## SPECIAL REPORT

COMES NOW one of the named Defendants in this action, Commissioner Richard Allen, (hereinafter also referred to as "Commissioner Allen") by and through undersigned counsel, and in accordance with this Honorable Court's April 26, 2007 Order, offers the following written report.

## PARTIES[1]

1. The Plaintiff, Samuel Lee Moore, is an Alabama Department of Corrections inmate currently housed at the Camden Work Release Center located in Camden, Alabama.

2. The Defendant, Richard Allen is the Commissioner of the Alabama Department of Corrections.

## PLAINTIFF'S CLAIMS

Moore claims he broke his foot on December 5, 2006, while incarcerated at the Lowndes County Jail, the Montgomery County Jail, and/or Kilby Correctional Facility.

---

[1] Plaintiff has also named Sheriff D. T. Marshall and Sheriff Willie Vaughner as Defendants in this action.

Afterwards he alleges that his 14th Amendment rights were violated when he was purported "denied, refused and/or received inadequate medical treatment by all parties resulting in a gross deformity of same." (See Complaint V., Ground One; Also See Motion For Leave To Amend Original Complaint) As a result of the Defendants' "neglect to afford [him] proper treatment", Moore contends that his 8th Amendment right to be free from cruel and unusual punishment has been violated. (See Complaint V., Ground Two) Moore further alleges that his rights under the 5th and 9th Amendments have been violated by the fact that "there has not been, to this date, any further action on any of the named Defendants, even though Moore experienced pain and suffering. (See Complaint V., Ground Three)

## DEFENDANT'S RESPONSE

1. This Defendant denies that he violated the Plaintiff's constitutional rights.

2. This Defendant denies each and every material allegation not specifically admitted herein and demands strict proof thereof.

3. The Plaintiff has failed to state a claim upon which relief may be granted.

4. The Plaintiff makes no specific allegations against this Defendant Commissioner Allen.

5. This Defendant is immune from suit under the Eleventh Amendment to the United States Constitution.

6. This Defendant is immune from suit due to qualified immunity.

## **ARGUMENT Of LAW**

### **Commissioner Allen**

In his original Complaint, Moore names the Commissioner of the Alabama Department of Corrections as a Defendant. However Moore offers no facts to support his claim against the Commissioner. Consequently, the Court directed Moore to file an amendment to his Complaint which, "Specifically describes how Richard Allen violated his constitutional rights." (See Order dated April 12, 2007 at paragraph 1). Although Moore attempted to amend his Complaint as ordered, he failed to specifically describe as directed how Commissioner Allen had violated his constitutional rights.

Significantly, in his amendment Moore first compliments Commission Allen and his staff as follows:

"If this Honorable Court Pleases, Commissioner Richard Allen is an Honorable and Respectable man, and I have no doubt that (that there are qualified and dedicated staff at his disposal and in the institutional offices that), his written mandate work that was given him by the Governor of the State of Alabama."

(See Motion For Leave To Amend Original Complaint ( As Ordered) ¶ 1)

Then, Moore appears to try to hold Commissioner Allen generally responsible for the nonspecific acts of others as more fully set forth below:

"There are still the none (sic) conformers, that are not susceptible to change. These none (sic) conformers, under the (sic) promulgate regulations and Alabama statute and under color of state coupled with Commissioner Allen, also under color of state, failed to afford proper and/or addiquit (sic) medical treatment, after transfer of custody, from one agency to the next, thereby transferring the body along with their liabilities and responsibilities to Alabama Department of Corrections. . . . The transfer of custody, coupled with the initial place of injury, along with the lack, of, proper, medical attention, creates a joint/shared responsibility, by all concerned parties; (per capita)."

Moore vaguely appears to be alleging that Commissioner Allen is liable for Moore's purported injuries under the doctrine of respondeat superior. However,

supervisory liability under §1983 must be based on something more than a theory of respondeat superior.  Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation.  The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.  *Cross v Alabama Dep't. of Mental Health & Mental Retardation,* 49 F.3d 1490, 1508 (11th Cir. 1995) (quoting *Brown v Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)); accord *Dean v Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) ([A]) supervisor may be held liable under §1983 if the supervisor had personal involvement in the constitutional deprivation or if a sufficient causal connection exists between the supervisor's conduct and the constitutional violation.)

To survive a motion for summary judgment, Moore must present evidence creating a genuine issue of material fact.  Although a pro se plaintiff, Moore is not absolved of his duty to provide the Court with specific facts showing that there is a genuine issue for trial.  *Brown v Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Moore has presented no evidence and makes no argument against Commissioner Allen that he either personally participated in the alleged constitutional violation or instigated or adopted a policy that violated the Plaintiff's constitutional rights.[2]  See *Hill v Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176 at 1192 (11th Cir. 1994), abrogated on other grounds by Hope v Pelzer, 536 U.S. 730, 739 (2002).  In light of Moore's failure to state a claim

---

[2] Supervisory personnel cannot be held liable under §1983 for the actions of their subordinates under a theory of respondeat superior. *Monell v Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).

for which relief can be granted, all claims against Commissioner Allen must be dismissed with prejudice.

### Commissioner Allen is immune from suit.

This case should also be dismissed because this Defendant, Commissioner Allen, is immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State; thus, Commissioner Allen should be dismissed based on immunity. In addition, Commissioner Allen is protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have

known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295, *quoting Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979). The Defendant, Commissioner Allen, has not violated Moore's clearly established rights; thus, he is entitled to qualified immunity.

## CONCLUSION

There are no genuine issues of material fact, and this Defendant, Commissioner Allen, is entitled to judgment as a matter of law.

WHEREFORE, this Defendant, Commissioner Allen, respectfully requests that this Honorable Court dismiss the claims against him.

Respectfully submitted,

TROY KING (KIN047)
Attorney General


 /s/ MARY GOLDTHWAITE
Mary Goldthwaite (GOL013)
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 353-9189
(334) 242-2433 (fax)


## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 5th day of June, 2007, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

   Samuel Moore, #119785
   Alex City Work Release
   PO Drawer 160
   Alex City, AL  35011


                                          /s/  MARY GOLDTHWAITE
                                         OF COUNSEL