United States District Court For The Middle District
Of Alabama Northern Division

RECEIVED
2007 AUG 10 A 10:02
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Samuel L. Moore 119785   )
_____
   Plaintiff             )   Action #: 2:07 cv 308-WHA

vs.                      )
                         )   **Response To Defendant's**
Sheriff D.T. Marshall    )   **Answer And Report**
      et. al.,           )
_____
   Defendants            )

---

      **COMES NOW,** Samuel L. Moore, Plaintiff in above captioned matter, and states the following to be true and correct in form and nature:

    1.) The Answer and Special Report presented to this Court by the Defendants includes false or unofficial documents which can be seen as to confuse the Court and issues at hand specifically Affidavits which are not properly sealed by a Notary Public.

    2.) The Answer and Special Report presented to this Court by the Defendants is without direct attention to all issues addressed by the Plaintiff and due to this immediate lack of direct attention, this can be seen as an admission of no less than partial guilt on behalf of the Defendants.

    3.) The Answer and Special Report presented by the Defendants lack additional attention to the issue of denial to fair access to Courts. In Plaintiff's original Complaint, there was the issue that legal materials were removed by intention of named Defendants in this Cause, there was, however, a noticing by the Defendants that a Complaint was being filed on behalf of the Plaintiff in this matter and due to that Complaint, legal materials were slowly placed back into operation so as to not attract attention to the parties involved, the Defendants

1

have lacked attention to this matter, in fact, they have denied altogether that any materials were removed except in an attempt to prevent damage to the equipment and even then, this misguide this Court by confusing the issue further so as to make the Plaintiff appear to this Court as not having a valid claim. Unknown to the Defendants, the Federal Courts have long been lacking tolerance on the part of officials in all situations where inmates are deprived the fair access to legal materials and equipment to satisfy the basic prongs set by the Federal Courts regarding the Fair Access to Courts and Litigation Rules.

4) Plaintiff also brought before this Court a substantial claim of medical indifference in the way that he was exposed to Cruel and Unusual punishment through actions which were direct and intentional by Defendants. Plaintiff's medical condition deteriorated in such a manner as to require him to be transported to a different facility where his medical condition could be assessed and treated. The mere fact that he was transported does not exclude the claim, rather, it supports the fact that he suffered in one way or another, abuse as to cause physical conditions to deteriorate.

5.) In an attempt to further confuse this Court and Plaintiff, the Defendants have neglected to point out a valid claim which exists by and through the theft of an amount of $81.55. The American Commissary Supply (hereinafter named ACS-US) stated "[r]efund will not be issued unless the package is returned to American Commissary Supply-US, Inc.". This is a loop which is intentionally created when the ADOC chooses to deny liability for accounting for inmate's money and internal theft thereof. The original posted criteria were not the criteria which were submitted by the Defendants to this Court. The specific language in which was used internally was not the same which was given as evidence to this Court, and the Court should further order that the production of all documents

relating to the Incentive package be submitted and no further withholding be allowed of evidence which has favor to the Plaintiff's claims as a copy was mailed with the original Complaint, the Defendants have chose to ignore the fact that there were conflicts which existed regarding the Incentive Package Program.

The Plaintiff has asserted a number of claims in which the Defendants have failed to address properly and one such claim is the fact that Plaintiff was intentionally exposed to Cruel and Unusual Punishment. In itself, the intentional infliction of abuse by physical or verbal abuse is a direct violation of Human Rights and also a violation of Federal and State Codes which are enacted to protect prisoners from abuse by guards or other personnel employed by the Department of Corrections (FBOP and ADOC are not withstanding from rules set forth by Congress).

Arguments by Defendants relating to Plaintiff's claim are in need of the Court to allow an evidentiary hearing so as to bring all parties before the Court so the Court may determine the validity of issues contained within the original Complaint by the Plaintiff. Any such denial would allow the Defendants excessive lenience in matters brought before this Court and serve to allow further abuse to prisoners by the Alabama Department of Corrections and all officers partial to this case and pending cases which have yet to be heard by this Court.

CONCLUSION

The Plaintiff bringing before this Court serious allegations of abuse and intentional denial of Plaintiff's Constitutionally Protected Rights understands that the Court must be as a neutral party and must allow the evidence to prove one way or the other whether the Plaintiff or the Defendant is at fault for the issues brought before this Court. The Plaintiff hereby requests that an evidentiary hearing be held to allow parties to present all factual evidence before the Court.

The above being submitted on this 8TH day of AUGUST 2007

I DECLARE UNDER PENALTY OF PURJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

RESPECTFULLY SUBMITTED
*Gloria Coleman*
FOR
SAMUEL MOORE 119785

CERTIFICATE OF SERVICE

I HERBY CERTIFY THAT I HAVE THIS DAY 8 AUG 07 SERVED A COPY OF THIS ANSWER, BY PREPAID CLASS 1 (ONE) MAIL TO SHERIFF WILLIE VAUGHN, SHERIFF D.T. MARSHALL, AND ALABAMA DEPT. OF CORRECTIONS ATTORNEY, BY PLACING SAME IN MAIL

RESPECTFULLY SUBMITTED
*Gloria Coleman*
FOR
SAMUEL L. MOORE 119785

MS. GLORIA COLEMAN BEING PLAINTIFF'S SISTER AND ALSO POWER OF ATTORNEY.

*Samuel L. Moore*
GLORIA COLEMAN

4



Samuel Lee Moore        A-32-A
119785        P.O. Drawer 160
       Alexander City, Ala. 35011

Happened Dec. 5th - 5-6 PM (Monday)
(Monday) Picked up from Lowndes County Jail Dec. 12 PM Tuesday Paramedics stated it was fine and nothing was wrong; taken to county jail in Montg. Co. Arrival at MCDF around 2 PM was looked at by a nurse aid, given 2 Tylenol tablets and returned to holding cell about 3:30 PM. After 6 days, x-rayed foot. After 6 to 7 more days x-rays were taken again, approx 7-8 more days Dr. examined foot and he determined that the foot was actually broken. On Dec. 26th was examined by a foot specialist on ~~Mon~~ Montg. Orthopedic x-rays were again taken an prognosis was foot was broken in three places cast was set. Foot has not healed to date and is grossly deform.

Dec. 27 was transferred to Ala. DOC Kilby Corr. Dec. 28 was seen by nurse with cast report written.
Jan 07 was seen again by nurse who was instructed to leave cast on for 30 days. Cast remained on for 21 days and removed. Dr's determination was that surgery was need to ~~correct deformity~~ repair foot. Returned to Ala. DOC. Was transferred to present facility on Jan. 25th. Reported to medical at Alexander City x-rays were again taken. Mar 4th - (Mar 31st) - 4 months.

14th Amendment Right  8th amendment Right Violated subject to cruel unsually punishment 5th amendment Right there have not been any action taken up to this date.

Dr David Linsey
DT Marshall

My Ankle was broke, and there was about 10 other Inmates in the cell block with me who could witness they heard my bone in my foot or ankle pop when I fell to get in bed on a top bunk. I was then carryed out of the cell by two inmates who I fell not no at this time, because I was only there for a few hours before my accident happen. But at the same time time my son Samuel Moore Jr. was incarstrated there also was headed to pill call when some other Inmate there told him his father was here in Loudres County Jail also and that they had carry him up from to a holding cell where he was able to come inside the cell wher I was, and the Nurse gave him two tynelow to give me. I was place on the floor where I slept at. but was unable to sleep for the pain I suffered. I also had another witness there who name was Andrew Johnson who was serving time also there in the same jail and in the same cell with me And saw it happen who can be a witness in my behalf. he live in Monty. AL but I don't no his Address. he was released from Alex City facility in April. and now living in Monty.
Sheriff Vaughner is a Defendent because the accident

happen in his Jail, and upon calling paramedic when they arrived they said my foot was not broke. But if you find in Dr. Lidsney medical Report he states my foot was broke and he put my ankle in a cast because at the time of my Dr visit which was three week later my bones had started back healing. After three week the cast was taken off and he stated my foot would need surgery to get it back right again, but said he was not going to recommend the surgery at this time. I ask him about a bone that was showing on the side of my foot, and he said it would have to be shave down to ever repair it. If the court would order Dr. David Lindsey Medical Report it would show that this is facts not an untrained Judgement. If the Court would allow me I can send pictures of my ankle with the deformity that accident has left. In no way the Defendant should not be held responsible for such action.

And after being sentence to Doc. Richard Allen and his medical staff, did not give me proper care to where I had a cast on my ankle when I arrived, I was not given proper care to where when I shower, given something the proper care to protect my cast from getting wet when I shower, and there was time when my cast gotten wet, and began to tear up. I made a sick call slip out to show the medical staff, where it had began to unravel and tearing up. All they did was put some tape around the cast, to stop the tear.

## Power of Attorney

I Samuel Lee Moore 119785 do hereby agree to authorize the name person Gloria Coleman to sign my name, signature to all my legal work concerning court documents and sending them back to the court. All the above matter was agreed by both parties. And to handle any checking cashing that may arrive in the future. I Samuel Lee Moore grant Power Attorney to in relation to said matters

Done this 14 day of June 2007
I Samuel Lee Moore 119785 standing in the presence of a Alabama Notary Sword to this 14 day of June 2007            Samuel Lee Moore 119785

Notary Public
[signature]
23 April 2008

Sign
[signature]