IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SAMUEL LEE MOORE #119785,       )
    Plaintiff,                  )
                                )
vs.                             )   CIVIL ACTION NO: 2:07 cv308-WHA
                                )
SHERIFF D.T. MARSHALL, et al.,  )
    Defendants.                 )

PLAINTIFF'S RESPONSE TO DEFENDANTS'
SPECIAL REPORT AND SUMMARY JUDGMENT REQUEST

COMES NOW Samuel Lee Moore #119785 ("Plaintiff"), by and through pro'se and in the above-entitled cause, on response to Defendants' Special Reports and Summary Judgment Request, and submits to the Court heretofore:

On April 11, 2007, Plaintiff Samuel Lee Moore filed a Civil Complaint, pursuant to 42 USCS & 1983 against Sheriff D.T. Marshall of the Montgomery County Sheriff Department, and Sheriff Willie Vaughner of the Lowndes County Sheriff Department in their Individual capacities. Plaintiff alleged in his Civil Complaint that while incarcerated at the Lowndes County Jail, he fell off the top bunk in his assigned cell and broke his foot and injured his ankle, and that the named Defendants was deliberate indifferent to his medical needs in not receiving adequate medical case in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff demands a trial by jury, monetary damages of $100,000 from each Defendant and payment for any current and/or future medical expenses and the cost of retaining for future employment.

On April 12, 2007, the District Court United States Magistrate ordered Plaintiff to amend his Civil Complaint to more specifically describe the involvement of Defendant Richard Allen, Commissioner of the Alabama Department of Corrections. On April 26, 2007, Plaintiff filed a Motion to Amend his Original Civil Complaint, which was granted by the United States Magistrate. On the same date, the United States Magistrate Judge ordered Defendants to file a Special Report and Answer within 40 days of that Order.

In compliance to this Court's Order, Defendant Sheriff Willie Vaughner filed his Special Report and Answer on May 5, 2007, and a subsequent Special Report and Answer thereafter. Defendant Sheriff D.T. Marshall filed his Special Report and Answer on May 31, 2007. Both Defendants requested summary judgment entered in their favors.

On July 27, 2007, the Magistrate Judge issued an Order that Plaintiff's case be dismissed without prejudice. Thereafter, on August 10, 2007 the Magistrate Judge's Order of July 27, 2007 is hereby Withdrawn.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S ALLEGATIONS

Defendant Sheriff Willie Vaughner denies the allegations made against him by Plaintiff as being untrue and completely without basis in law or fact. In support of his response, Defendant Vaughner rely on Lowndes County Detention Facility Policy and Procedure Directive, "Medical Services", Exhibit C, and Affidavit of Sergeant Marilyn Mealing, Exhibit F.

Sheriff Vaughner raises the defenses of Eleventh Amendment immunity, qualified immunity, Plaintiff's failure to comply with the Prison Litigation Reform Act, and additional defenses presented in his response.

1. FACTS

   A. Policy and Procedure Regarding Medical Treatment

   The Lowndes County Jail has policy and procedures governing inmates and detainees access to medical case. See, Defendant Vaughner's Ex. B, Jail Rules, Section XI, "Medical Services" and Lowndes County Detention Facility Policy and Procedure Directive, "Medical Services Directive", and Affidavit of Sergeant Marilyn Mealing, Exhibit E.

   4. Responsible Health Authority: The Lowndes County Detention Facility will, pursuant to a written agreement, utilize a local physician, licenced to practice medicine in the State of Alabama, as the responsible health authority. The Lowndes County Detention Facility will function in the jail on a daily basis in accordance with this Directive.

   B. Medical Treatment of Plaintiff

   Plaintiff Samuel Lee Moore was lawfully incarcerated at the Lowndes County Jail on May 4, 2006. On that day, Plaintiff jumped of his top bunk in the cell, landed on his left foot and heard the bone cracked and immediately felt a sharp and severe pain in his left foot. After this occured, Plaintiff was carried to the Holding Cell in the Booking Area by two inmates, who informed Sergeant Marilyn Mealing that Plaintiff injured his left foot jumping off his top bunk.

In order for Plaintiff to avoid summary judgment against him, he must offer some evidence that Defendants were deliberatel indifferent to his injury. A prison guard's intentional denial or delay of medical care is evidence of deliberate indifference. <u>Estelle v. Gamble</u>, 429 U.S. at 104, 97 S. Ct. at 291.

This Court's analysis has two components. First, it must evaluate whether there was evidence of a serious medical need; if so, the Court must then consider whether the Defendants response to that need amounted to deliberate indifference. <u>Mandel v. Doe</u>, 888 F.2d 783 (11th Cir. 1989).

On request for summary judgment the Defendants dispute the severity of Plaintiff's medical needs as to the injury of his left foot. It is clear upon the examination of the record that Plaintiff had a serious medical need by the ExRays that shown that his left foot was fracture with abnormal swelling. Despite a written jail policy that there should be a licensed nurse on duty at all times, there was no nurse at the jail that day, nor a licenced physician to practice medicine in the State of Alabama. Instead, Plaintiff was diagnosis by paramedics, instead of transport to a licensed physician as to their function. In addition the paramedics diagnosis Plaintiff's ankle, where the complaining injury was a broken left foot, and thereafter prescribed medication. Clearly this conflicts with Responsibility Health Authority in the Lowndes County Detention Facility. Even after the directed prescription by the paramedics for Tylenol, Plaintiff was denied Tylenol by Sgt. Mealing when Plaintiff complained of serious pain and subsequent request for Tyl enol.

Based upon the seriousness of Plaintiff's injury to his left foot, and because Plaintiff was actually an **inmate** of the Montgomery County Sheriff's Office, Sergeant Mealing called that agency to explain what happen and relate what the paramedics had determined regarding Plaintiff's injury. Sgt. Mealing did not call or notify the local physician as to the determination of paramedics. The Montgomery County Sheriff's Office, in response, said that it did not transport inmates at night and that it would transport Plaintiff the next day. The Montgomery County Sheriff's Office did not suggest Plaintiff should be examined by a license doctor, hospital or any other medical facility, nor was approval given for the paramedics to transport Plaintiff that evening to a healthcare facility.

At the time of Plaintiff's injury he was housed in the Lowndes County Detention Facility. It was at that point Sgt. Mealing's responsibility to give the necessary approval for the paramedics to transport Plaintiff, at the time of their arrival to transport Plaintiff to a healthcare facility. Plaintiff had to wait approximately 10 days for ex rays and a cast put on, which caused the inflammation to excel, causing deformity to his left foot.

This Court has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference. An- cata v. Prison Health Services, Inc. 769 F.2d 700, 704 (11th Cir.1985.

6.

Both Defendants were aware of Plaintiff's serious injury to his left foot, and also aware that an unlicenced medical transport agency ("Paramedics") prescribing Tylenol, and the refusal of Sgt. Mealing to give them upon Plaintiff's due to unbearable pain, surely constitutes deliberate indifference. In response to mounting evidence that Plaintiff's injured left foot was not improving, and, indeed, was deteriorating, Sgt. Mealing and the Montgomery County Sheriff's Office refused to allow Plaintiff to see a doctor or go to a hospital. Matter of fact, Plaintiff was completely denied medical care when the paramedics examined his ankle instead the complained injury for broken or fractured left foot, and prescribed medication for injury to the ankle.

Deliberate indifference to a prisoner's serious medical needs violates the eighth amendment because denying or delaying medical treatment is tantamount to unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. at 104, 97 S.Ct. at 291, cited in Brown v. Hughes, 894 F.2d 1533 (11th. Cir. 1990). In the instant case, both Defendants, while Plaintiff was in their custody, denied Plaintiff pain medication due to constant and servere pain, causing the unnecessary and wanton infliction of pain.

Grievance Procedure

Defendants contends that Plaintiff failed to comply to the grievance procedures as to his medical claim. Plaintiff argues that this contention by both Defendants are clearly without merit. Sgt. Mealing contacted and notified all jail

7.

staff and correctional officials at the Lowndes County Jail, and officials at the Montgomery County Sheriff's Office as to the injury of Plaintiff's left foot. Filing a grievance in this regard would have been fruitless, where all the officers authority and competence was aware of Plaintiff's serious medical injury with deliberate indifference. Plaintiff's injury was so serious that it would be obvious to the Defendants that he needed more medical care than he was provided. In addition, the State Board of Adjustments is not an administrative agency for county officials, but only State departments. Therefore, it would be impossible to exhaust administration remedies under Alabama Board of Adjustment pursuant to Ala. Code & 41-9-60 et seq.

Plaintiff now proceed to the issue of whether that indifference was a product of policy or custom for which the Defendant's can be held liable.

A local government is liable under & 1983 when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. <u>Monell v. Department of Social Services,</u> 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978). Section 1983 liability may not be premised soley upon a respondeat superior theory--i.e., a county may not be held liable soley by virtue of the employment relationship linking it to the offending employee. Rather, only deprivations undertaken pursuant to governmental custom or policy may lead to the imposition of governmental liability. Recovery from a munici-

pality is limited to acts that are, properly speaking, acts of the municipality--that is, acts which the municipality has officially sanctioned or ordered. Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986).

In the instant case, the Defendants sole defense is premised on required proof of an affirmative causal connection between the actions taken by the defendants and the constitutional deprivation. But based upon the Supreme Court's decision in City of Oklahoma City v. Tuttle, 471 U.S. at 823-24, 105 S.Ct. at 2436, in which a plurality of the Supreme Court id., 471 U.S. at 831, 105 S.Ct. at 2440, held that, in cases involving unconstitutional acts of low-level municipal employees, the plaintiff may prove custom or policy by showing a pattern of unconstitutional acts.

In the instant case, Sgt. Mealing, by affidavit stated that based upon the order of Defendant Marshall and in compliance to such order, that the Montgomery County Sheriff Office did not transfer or transport inmates at night regardless of serious medical injury. That was an affirmative causal connection in the deliberate indifference to Plaintiff's medical needs by not giving approval to Lowndes County Detention to transport Plaintiff to healthcare for medical treatment. In addition, Defendant Sheriff Vaughner established a policy not to utilize a local physican, licenced to practice medicine in the State of Alabama, nor a nurse or physician at the Detention Facility on a 24 hour base, and allowing transport agencies, such as paramedics to be utilize as licenced physician and prescribed medications.

9.

The identification of those officials whose decisions represent the official policy of the both Sheriff Departmental unit is itself a legal question to be resolved by the trial judge before the case is submitted to the jury. Reviewing the relevant legal materials, including state and local positive law, as well as custom or usage having the force of law, the trial judge must identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue. See, Owens v. Fulton County, 877 F.2d 947, 950-51 (11th Cir.1989).

In order for Plaintiff to avoid summary judgment against him, he must offer some evidence that prison officials were deliberately indifferent to his injuries. A prison guard's intentional denial or delay of medical care is evidence of deliberate indifference. Estelle v. Gamble, 429 U.S. at 104, 97 S.Ct. at 291. When prison guards ignore without explanation a prisoner's serious medical condition that is known or obvious to them, the trier of fact may infer deliberate indifference. See, Thomas v. Town of Davie, 847 F.2d 771, 772-3 (11th Cir. 1988).

In the instant case, the record clearly reflect that jail officials intentionally delayed and denied Plaintiff medical care which was known and obvious to them. In Defendants' Response on Summary Judgment, Defendants do not dispute that a broken foot can be a serious and painful injury. With this type of injury, it

may be that deliberately indifferent delay, no matter how brief, would render Defendants liable as if they had inflicted the pain themselves. Even if this Court were to reconize as de minimus delays of a few seconds or minutes, a deliberate delay on the order of hours in providing care for a serious and painful broken foot is sufficient to state a constitutional claim. Se See, <u>Aldridge v. Montgomery</u>, 753 F.2d 970, 972-73 (11th Cir.1985)

<u>CONCLUSION /RELIEF</u>

Plaintiff demands a trial by jury, and based upon the above facts and law, Defendants request for summary judgment should be denied and this case be submitted before a jury.

Respectfully submitted,

*Samuel Lee Moore #119785*
SAMUEL LEE MOORE #119785

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of May 2008, I have served a copy of the foregoing upon counsel for Defendants, by placing same in U.S. Postal Box at Staton Correctional Facility, postage prepaid, first class and addressed as follows:

Winthrop E. Johnson
Attorney at Law
7474 Halcyon Pointe Drive (36124)
Post Office Box 240909
Montgomery, Alabama 36124

Haskell Slaughter Young & Gallion
Thomas T. Gallion
Attorney at Law
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660

By: *Samuel Lee Moore #119785*
SAMUEL LEE MOORE

11.

SAMUEL LEE MOORE #119785
STATON CORRECTIONAL FACILITY
P.O. BOX 56
ELMORE, ALABAMA 36025

9577

        OFFICE OF THE CLERK
    UNITED STATES DISTRICT COURT
     MIDDLE DISTRICT OF ALABAMA
          P.O. BOX 711
    MONTGOMERY, ALABAMA 36101-0711

LEGAL MAIL